**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00948-LTB

QFA ROYALTIES LLC and
QIP HOLDER LLC,

       Plaintiffs,

v.

LIBERTY HOLDING GROUP, INC., a Florida Corporation,
JEFFREY GORDDARD,
and BETH GORDDARD,

       Defendants.

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiffs QFA Royalties LLC and QIP Holder LLC's ("Quiznos") Unopposed Motion to Enter Preliminary Injunction. For the reasons stated below, the Court hereby **GRANTS** the motion.

Plaintiffs and Defendants have agreed to the following terms for a preliminary injunction to be entered against the Defendants:

1.     This action arises out of a written Franchise Agreement between Quiznos and Defendant Liberty Holding Group, Inc. ("Liberty"). Pursuant to the Franchise Agreement, Liberty was granted the right, subject to the terms and conditions of the Franchise Agreement, to operate Quiznos Sub Restaurant No. 7104 in Palm Harbor, Florida. Defendants Jeffrey Gorddard and Beth Gorddard were the owners of Liberty and both signed a personal guaranty in which they guaranteed all of Liberty's obligations under the Franchise Agreement.

2. Venue is proper in the United States District Court for the District of Colorado as provided in paragraph 21.1 of the Franchise Agreement.

3. Quiznos alleges that Liberty failed to comply with the lawful provisions of the Franchise Agreement and that Liberty failed and refused to cure its defaults; that Quiznos terminated the Franchise Agreement effective April 14, 2006, consistent with the express terms of the written Franchise Agreement; that following termination all Defendants were required, *inter alia*, to cease operating as a Quiznos franchisee and identifying themselves as a Quiznos franchisee, cease using Quiznos' Marks, trade secrets, trade dress, signs, symbols and trade names, de-identify the former restaurant by removing the Quiznos' Marks, trade dress, signs and symbols and refrain from operating a competing deli-type restaurant from Quiznos Sub Restaurant 7104's former location or within five miles of any other Quiznos franchisee.

4. Plaintiffs further allege that notwithstanding the termination of the Franchise Agreement and Quiznos' demand that each Defendant cease using Quiznos' trademarks and service marks, Liberty and its agents continued to hold themselves out to the public as an authorized franchisee of Quiznos, passing off the restaurant as being sponsored by, affiliated with, or endorsed by Quiznos.  In particular, Plaintiffs allege that Liberty and its agents used the Quiznos' Marks, trade secrets, trade dress, signs, symbols and trade names in connection with the operation of a competing deli-type restaurant at the same location as the former Quiznos Sub Restaurant, and that Liberty and its agents used Quiznos' confidential and proprietary information by selling to the public food using Quiznos' recipes, sauces and products.

5. Defendants were served with the Motion for Preliminary Injunction on May 23, 2006 and, according to counsel for Plaintiffs' certification, Defendants have agreed to the entry of this Preliminary Injunction against them.

6. Accordingly, Defendants have waived any and all claims that this preliminary injunction was improperly entered.

7. This Court finds that if the allegations of Plaintiffs' complaint are true, Plaintiffs have met their burden of demonstrating the elements necessary for entry of the requested Preliminary Injunction, and

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Defendants, their agents, servants and employees, and those people in active concert or participation with them are preliminarily enjoined from:

a. Using Quiznos' Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quiznos' Marks;

b. Otherwise infringing Quiznos' Marks or using any similar designation, alone or in combination with any other components;

c. Passing off any of their products or services as those of Quiznos or its authorized franchisees;

d. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their businesses, products or services;

e. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Quiznos and its franchisees or any of Quiznos' products or services; and

f. Unfairly competing with Quiznos or its franchisees in any manner.

**THE COURT FURTHER** orders that Defendants must immediately remove all signs and sign facings from the location of the former restaurant and return them to Quiznos. Further Defendants must immediately take any and all necessary steps to cancel and/or transfer to Quiznos

any telephone numbers associated with Quiznos or the Marks used in connection with the operation of Defendants' former Quiznos Sub Restaurant; and return to Quiznos all operating manuals and other materials provided to Defendants in connection with the operation of their former Quiznos Sub Restaurant, and all materials bearing any of the Marks. Defendants must also promptly eliminate their advertising under the Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings.

Defendants shall file with the Court and serve upon Plaintiffs' counsel within ten (10) days after entry of this order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such order.

**THE COURT FURTHER** enjoins Defendants, their agents, servants and employees, and those people in active concert or participation with them for a period of two years, beginning on the date of this Order, from having any direct or indirect interest as a disclosed or beneficial owner, investor, partner, director, officer, employee, consultant, representative, agent, or in any other capacity in any restaurant or other food service business deriving more than ten percent (10%) of its gross receipts, excluding gross receipts relating to the sale of alcoholic beverages, from the sale of submarine, hoagie and/or deli-style sandwiches within a five mile radius of Liberty's former Quiznos Sub Restaurant or within a five mile radius of any other Quiznos Sub Restaurant.

SO ORDERED this  5th  day of   September  , 2006.

BY THE COURT:

   s/Lewis T. Babcock   
United States District Judge