IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-00948-LTB-MEH

QFA ROYALTIES LLC and
QIP HOLDER LLC,

       Plaintiffs,

v.

LIBERTY HOLDING GROUP, INC., a Florida corporation,
JEFFREY GORDDARD, and
BETH GORDDARD,

       Defendants.

_____

### ORDER
_____

This matter is before me on a Motion to Set Aside Default Pursuant to Fed. R. Civ. P. 55(c) [**Doc # 15**], filed by Defendants Liberty Holding Group, Inc., a Florida Corporation, Jeffrey Gorddard, and Beth Gorddard (collectively, the "Gorddards") after default entered against them and in favor of Plaintiffs QFA Royalties LLC and QIP Holder LLC (collectively, "Quiznos"), on April 25, 2007. [**Doc # 12**] Oral argument would not materially assist me in the determination of this motion. After consideration of the parties' briefs and related pleadings, and for the reasons stated below, I DENY the motion.

### I. BACKGROUND

On May 19, 2002, Quiznos filed this lawsuit in which they alleged that the Gorddards had failed to make payments in breach of the parties' franchise agreement and that they were improperly continuing to operate a Quiznos Sub restaurant. Quiznos sought injunctive relief and monetary damages.

The parties subsequently negotiated a settlement of the injunctive issues.  Consequently, I granted Quiznos' unopposed  motion for preliminary injunction based on the parties' agreement on September 5, 2006.  The parties continued to negotiate in an attempt to settle Quiznos' claims for damages.

No further action or filings were made with this court until April 9, 2007, when I ordered Quiznos to show cause why this action should not be dismissed, without prejudice, for failure to prosecute.  Quiznos responded to my show cause order by seeking an entry of default, pursuant to Fed. R. Civ. P. 55(a), on the basis that the Gorddards had failed to timely file a responsive pleading to the complaint.  Specifically, Quiznos asserted that on May 23, 2006, each of the Gorddards was served with the complaint and, as a result, their answer or other responsive pleading was due on June 12, 2006.  The clerk of the court subsequently entered default against the Gorddards for failure to file a pleading or otherwise defend this action on April 25, 2007.  Six weeks later, on June 6, 2007, the Gorddards filed the motion at issue here in which they seek to set aside the entry of default.

## II.  LAW

An entry of default maybe set aside "for good cause shown" pursuant to Fed.R.Civ.P. 55(c).  This good cause standard under Rule 55(c) is a lesser standard than the excusable neglect standard required to obtain relief from judgment under Rule 60(b).  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 775 n. 6 (10th Cir. 1997)(citations omitted).  The good cause standard is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970).  Nevertheless, "this judicial preference is counterbalanced by considerations of social goals, justice, and expediency" in adjudicating cases.  *Id.*

2

To determine whether to vacate the clerk's entry of default, I consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Gilmore v. Carlson,* 72 Fed. Appx. 798, 801 (10th Cir. Aug. 8, 2003)(not selected for publication)(*citing United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993)); *see also Hunt v. Ford Motor Co.,* 1995 WL 523646, 3 (10th Cir. 1995)(unpublished opinion). However, "[a] court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg,* 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005)(*citing In re Dierschke,* 975 F.2d 181, 183-84 (5th Cir. 1992)). The decision to set aside an entry of default lies within my discretion. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

### III.  ANALYSIS

In support of their assertion that the entry of default should be set aside for good cause, the Gorddards first argue that their failure to respond to the complaint did not constitute culpable conduct. Specifically, they maintain that they did not submit an answer to the complaint "mistakenly believing that the Plaintiffs were not requiring an Answer while settlement talks continued." The Gorddards further assert that their counsel "saw no reason to move the case forward by filing an Answer during these settlement talks since Plaintiffs were taking no further action and actively responding to settlement discussions . . ." and that they "hoped to achieve a negotiated settlement without further court action and expense." They further maintain that they are not lawyers and that they trusted their counsel to comply with the legal rules. Finally, the Gorddards contend that now that default has entered, they have obtained new counsel here in Colorado and will defend against Quiznos' allegations.

As a result, the Gorddards argue that they did not purposely fail to answer in order to again an advantage in the litigation and, as such, did not engage in any culpable conduct, but rather they mistakenly believed that they did not have to respond to the complaint while settlement negotiations were ongoing. They contend that, as such, they did not intentionally fail to act to prolong or hinder the litigation, but rather were "focused on a negotiated settlement."

First, to the extent that the Gorddards maintain that Quiznos was "not requiring an answer" to the complaint, I note that it is the authority of the court to waive or excuse such obligation. *See* Fed. R. Civ. P. 6(b)(1). More importantly, the parties ongoing settlement discussion did not excuse the Gorddards' responsibility to file a responsive pleading under Fed. R. Civ. P. 12(a). The Gorddards have been represented by counsel throughout this matter. *See U.S. v. Ware*, 172 F.R.D. 458, 459 (D. Kan. 1997) (ruling a *pro se* defendant's unfamiliarity with the legal system or ignorance of the law does not constitute excusable neglect to justify his failure to file a timely answer).

 It was not until six weeks after default had entered against them, and over a year after being served with the complaint, that the Gorddards responded by seeking to set aside the entry of default. Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, supra,* 999 F.2d at 454; *see also* 6 James W. Moore, et al., *Moore's Federal Practice,* § 55.10 [1] at p. 55-74, n. 24 (2d ed. 1994). Because the Gorddards have acted willfully, and have not provided me with a sufficient excuse for failing to respond to the complaint, they have failed to demonstrate that they were not culpable for their actions. *See generally Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.), *cert. denied,* 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987) (receiving actual notice of complaint and failing to respond constitutes culpable conduct under

Fed. R. Civ. P. 60(b)).

To the extent that the Gorddards assert that they have responded quickly to the entry of default, by filing this motion within six weeks of its entry, I note that: 1) Quiznos informed the Gorddards, when they moved for a preliminary injunction over three months after the complaint was served, that if they failed to reach a settlement as to the damages claims, "Quiznos will seek entry of default and default judgment based upon Defendants' failure to file a response to the compliant;" 2) Quiznos again informed the Gorddards, before filing their request for entry of default, that they intended to do so; and 3) the Gorddards nonetheless failed to file a response to the complaint now filed over a year ago. *See U.S. v. Wang*, 130 F.R.D. 676, 678 (D. Kan. 1990) "[w]hen the non-defaulting party endeavors to encourage the other party to respond, the court is more inclined to deny the request to set aside an entry of default)(*citing* C. Wright & A. Miller and M. Kane, *Federal Practice and Procedure*, § 2693, pp. 487-88 (1983). As a result, I disagree that the Gorddards have appropriately responded to the entry of default against them and that, as such, I am not persuaded by their contention that Quiznos would not be prejudiced if the default was set aside.

Finally, the Gorddards argue that they will answer the complaint and will "pursue defenses attacking the Plaintiff's claimed damages and the underlying accusations of liability." However, in order to set aside a default, a defendant must set forth with specificity a meritorious defense and factual allegations to support that defense. *See Gomes v. Williams, supra,* 420 F.2d at 1366 (defense counsel's bald allegation of a defense, without the support of facts underlying such defense, will not sustain the burden of the defaulting party under Fed. R. Civ. P. 60(b)). The Gorddards have provided me with a laundry list of alleged applicable defenses in their reply briefing, such as Quiznos' own breach of the agreement and fraud/misrepresentation. However,

their assertions constitute mere claims that such defenses exist and, as such, are unpersuasive without some allegations of underlying factual support.

While I am sympathetic to the Gorddards' attempt to settle this matter and the related desire to avoid the costs associated with defending this case in court, and I acknowledge that default is disfavored in light of the preference for resolving cases on the merits, under the circumstances of this case, I conclude that the Gorddards have not provided me with good cause sufficient to warrant relief under Fed.R.Civ.P. 55(c).

Accordingly, the Gorddards' Motion to Set Aside Default Pursuant to Fed. R. Civ. P. 55(c) [**Doc # 15**], is DENIED.

Dated: July   16  , 2007, in Denver Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE